IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE ZUCKER, on Behalf of Himself )
and all Others Similarly Situated, )
)
)
Plaintiff, )
)
vs. )   2:06cv241
)   **Electronic Filing**
)
FEDERATED SHAREHOLDER SERVICES )
COMPANY, JOHN F. DONAHUE, )
J. CHRISTOPHER DONAHUE, LAWRENCE )
D. ELLIS, THOMAS G. BIGLEY, JOHN T. )
CONROY, JR., NICHOLAS P. )
CONSTANTAKIS, JOHN F. CUNNINGHAM, )
PETER E. MADDEN, CHARLES F. )
MANSFIELD, JR., JOHN E. MURRAY, JR., )
MARJORIE P. SMUTS, JOHN S. WALSH and )
FEDERATED SECURITIES CORP., )
)
Defendants. )

## MEMORANDUM ORDER

AND NOW, this 5th day of March, 2007, upon due consideration of defendants' motion to dismiss plaintiff's class action complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion (Doc. No. 13) be, and the same hereby is, granted in part and denied in part. Count I is dismissed with leave to amend to reflect that the Section 36(b) claim stated therein is brought on behalf of and for the benefit of the Federated Kaufman Fund ("the Fund"); Count I is dismissed with prejudice to the extent plaintiff seeks to establish that the redemption fees are in and of themselves excessive and collected in violation of the fiduciary duties imposed on Federated Shareholder Services Company ("FSSC") and Federated Securities Corporation ("FSC") by operation of Section 36(b); Count I is dismissed with prejudice to the extent plaintiff seeks to establish that the Transfer Agency Fees are in and of themselves excessive and collected in violation of the fiduciary duties imposed on FSSC and FSC by operation of Section 36(b); Count I is dismissed with prejudice as to the individual

trustees because plaintiff has failed to allege that the trustees are the recipients of the compensation and payments referenced therein; the motion is denied as to Count I to the extent plaintiff seeks to establish that the distribution fees and shareholder fees are excessive and collected in violation of the fiduciary duties imposed on FSSC and FSC by operation of Section 36(b) when considered in combination with the other fees referenced in Count I and the attendant circumstances surrounding the marketing and distribution services for the Fund; Count II is dismissed without prejudice for failure to satisfy Massachusetts' universal pre-suit demand requirement and Fed. R. Civ. P. 23.1.

It is well settled that a section 36(b) claim is a derivative claim that must be brought "on behalf of" the Fund, notwithstanding that the unique right created therein may be enforced by a security holder without first making a demand under Rule 23.1 of the Federal Rules of Civil Procedure. Daily Income Fund v. Fox, 464 U.S. 523, 535 n.11 (1984) ("The 'on behalf' language in § 36(b) indicates only that the right asserted by a shareholder suing under the statute is a "right of the corporation"- a proposition confirmed by other aspects of the action: The fiduciary duty imposed on advisers by § 36(b) is owed to the company itself as well as its shareholders and any recovery obtained in a § 36(b) action will go to the company rather than the plaintiff. See S.Rep. No. 91-184, p. 6 (1970); § 36(b)(3)"). And notwithstanding plaintiff's effort to explain the subtle differences between the styling of Counts I and II, Count I appears to be brought by plaintiff "on behalf of himself and all others similarly situated" and seeks relief for amounts "paid by the K class shareholders[,]" for "the Excess Fees charged to the Fund's shareholders" and for "these shareholders going forward." Because this erroneous aspect of Count I can be corrected through amendment, the court will permit plaintiff to amend his complaint to cure this aspect of its shortcomings.

Defendants' motion to dismiss must be granted with prejudice to the extent plaintiff seeks to establish that the redemption or transfer agency fees are in and of themselves excessive and collected in violation of the fiduciary duties imposed on FSSC and FSC by operation of Section

2

36(b). Plaintiff cannot prove that FSSC and/or FSC were the recipients of the redemption or transfer agency fees and thus received compensation or payments within the ambit of § 36(b).

"Congress took great pains to specify who may be held liable and from whom damages may be recovered under section 36(b)." Green v. Fund Asset Mgmt., L.P., 147 F. Supp.2d 318, 330 (D. N.J. 2001) (citing 15 U.S.C. § 80a-35(b)), aff'd, 286 F.3d 682 (3d Cir. 2002), cert. denied, 537 U.S. 884 (2002). Virtually all courts to consider the matter have recognized that proper defendants under Section 36(b) of the Investment Company Act of 1940 are limited to those that can be found to be the "recipient of [] compensation or payments" constituting Rule 12b-1 fees. See e.g. Zucker v. AIM Advisors, Inc., 371 F. Supp.2d 845, 848-49 (S.D. Tex. 2005) (collecting cases); In re AllianceBernstein Mutual Fund Excessive Fee Litig., 2005 WL 267753 (S.D. N.Y. 2005) (collecting cases); 15 U.S.C. § 80a-35(b)(3). Consistent with Congress' discerning approach, the limitations within this section of the Act "must be narrowly read to mean that only those who receive money paid by the investment company for investment advisory services may be held liable for breach of their fiduciary duty with respect to such persons." Halligan v. Standard & Poor's/Intercapital, Inc., 434 F. Supp. 1082, 1085 (E.D. N.Y. 1977).

Here, plaintiff's allegations fail to establish that FSSC and/or FSC are the "recipients" of the redemption fees and allegations which merely demonstrate "indirect" receipt of compensation or payments are, without more, beyond Section 36(b)'s purview. Compare In re Eaton Vance Mutual Funds Fee Litig., 380 F. Supp.2d 222, 238 (S.D. N.Y. 2005) (Dismissing Section 36(b) claim founded on contention that "the Investment Advisor Defendants and the Trustee Defendants benefitted from the distribution fees indirectly, because the fees were used to increase the assets under management and therefore increase the size of the fees payable to the Investment Advisor Defendants, which are calculated as a percentage of assets under management."); accord Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 492 N.D. Ill. 1999) (Dismissing Section 36(b) claim against affiliated person founded on allegations that entity "received compensation with

respect to all shares of APS sold to it by a broker-dealer, or held by it as a result of a sale in an earlier auction" because such contentions do not identify "payments of a material nature within the meaning of § 36(b).").  Accordingly, Count I must be dismissed to the extent it is founded on the contention that the redemption fees are in and of themselves are collected in violation of the fiduciary duties imposed by operation of Section 36(b).

Count I also must be dismissed with prejudice to the extent it seeks to establish that FSSC and/or FSC are the "recipients" of any transfer agency fees within the applicable one year look-back period. Plaintiff concedes that he cannot show that FSSC or FSC were the recipients of such fees at footnote 6 of his memorandum in opposition to defendants' motion. Accordingly, Count I must be dismissed to the extent it is founded on the contention that the transfer agency fees are in and of themselves collected in violation of the fiduciary duties imposed by operation of Section 36(b).

Plaintiff essentially concedes in his complaint and brief in opposition to defendants' motion to dismiss that Count I must be limited to recovery from FSSC and FSC.  In this regard plaintiff has not advanced sufficient allegations to demonstrate that the individual defendants were direct recipients of the compensation and payments that properly may support recovery under § 36(b) and while the cause of action for disgorgement extends to "affiliated persons" used by the investment advisor in an effort to "evade liability by arranging for payments to be made not to the advisor itself but to an affiliated person of the advisor," In re AllianceBernstein Mutual Fund Excessive Fee Litig., supra, at *7 (quoting Senate Report 91-184, at 16 (1969), reprinted in 1970 U.S.C.C.A.N. 4897, 4910-11), the courts have been uniform in rejecting approaches that cannot directly trace the compensation or payment for advisory services to the ultimate beneficiary/defendant and seek to found liability on an indirect receipt and/or benefit from the payment of such fees or some other form of compensation. See e.g. Zucker, 371 F. Supp.2d at 849 ("Allowing Plaintiff to maintain an action against the Advisor on the theory that it was an indirect recipient of the 12b-1 fees would abrogate the limitation imposed by § 36(b)(3), and

thwart Congress' judgement concerning the appropriate remedy for violation of § 36. Thus, Plaintiff's § 36 claim against the Advisors must be dismissed."); In re AllianceBernstein Mutual Fund Excessive Fee Litig., supra, at *7 ("Here, the Amended Complaint does not allege claims against the Directors and ABIRM as a method of tracing advisory fees through the corporate apparatus to enforce underlying claims against the Advisors. As a result, Plaintiffs' Section 36(b) claims against ABIRM and the Directors are properly dismissed."); In re Eaton Vance Mutual Funds Fee Litig., 403 F. Supp.2d 310, 316 (S.D. N.Y. 2005) ("But there is no allegation that the Trustees directly received any of the disputed payments other than by merely receiving compensation for their trustee services, which would be an indirect benefit excluded from § 36(b)."); In re TCW/DW North American Government Income Trust, 941 F. Supp. 326 (S.D. N.Y. 1996) ("The complaint does not allege that either DW Distributors or DW Services ever received compensation for investment advisory services. Therefore, as to these two defendants, the Court dismisses plaintiffs' fourth cause of action brought pursuant to § 36(b) of the ICA."). Accordingly, defendants' motion to dismiss is granted as to the individual defendants at Count I in order to assure clarity in the scope of plaintiff's amended complaint.

    Defendants' motion must be denied to the extent plaintiff seeks to found a claim on the contention that the multiple fees referenced in the complaint overlap each other, are assessed for the same services and essentially duplicate or make redundant the Distribution Services Fee and Shareholder Services Fees that shareholders pay to FSSC and/or FSC. Plaintiff has advanced specific and concrete allegations to support his content the these fees have been rendered excessive under the circumstances and the court cannot say with confidence that plaintiff will be unable to prove any set of facts consistent with these allegations that would show he is entitled to relief. At this juncture plaintiff is entitled to the benefit of any doubt.

    Plaintiff's attempt to bypass Massachusetts' universal pre-suit demand requirement for derivative actions and complaince with Rule 23.1 at Count II – on the ground that the defendants breached direct fiduciary duties owed to the shareholders under Massachusetts' law of trusts and

redress for injury from that breach may be obtained in a direct action – is unavailing. We are convinced the growing weight of authority that has rejected the approach in <u>Strigliabotti v. Franklin Resourses, Inc.</u>, 2005 WL 645529 (N.D. Cal. March 7, 2005), has forged the correct interpretation of Massachusetts law.

"Under Massachusetts law, if the wrong underlying the claim results in harm to a plaintiff shareholder only because the corporate entity has been injured, with the plaintiff's injury simply being his proportionate share of the entity's injury, the harm to the shareholder is indirect and his cause of action is derivative." <u>Forsythe v. Sun Life Financial, Inc.</u>, 417 F. Supp.2d 100, 112 (D. Mass. 2006) (O'Toole, J.). Where the cause of action is derivative, it may not be pursued without satisfying the demand requirement of corporate law. <u>Harhen v. Brown</u>, 730 N.E.2d 859, 865 (Mass. 2000) ("In general, before filing a derivative action on behalf of a corporation, a plaintiff 'must establish that ... all available means to obtain relief through the corporation itself' are exhausted by making demand on the corporation's board of directors to prosecute the litigation."). And as of July 1, 2004, Massachusetts law is clear that such a demand must be made in every derivative case. <u>See</u> Mass. Gen. Laws ch. 156D, § 7.42. There are no exceptions to the universal demand statute. <u>ING Principal Protection Funds Derivative Litig.</u>, 369 F. Supp.2d 163, 170 (D. Mass. 2005) (Tauro, J.). The universal pre-suit demand statute is a substantive law of Massachusetts. <u>Id.</u> (citing <u>Kamen v. Kemper Fin. Servs., Inc.</u>, 500 U.S. 90, 96-97 (1991)).

The universal pre-suit demand statute is applicable to a suit against a business trusts governed by Massachusetts law. <u>Id.</u> at 171 (dismissing derivative state law breach of fiduciary duty claims because "... a business trust 'in practical effect is in many respects similar to a corporation[]' [and as a consequence] [t]his court believes that Massachusetts courts will apply the requirement of universal, pre-suit demand to derivative actions brought on behalf of business trusts.") (citations omitted); <u>Stegall v. Ladner</u>, 394 F. Supp.2d 358, 365-66 (D. Mass. 2005 (Woodlock, J.) ( rejecting the reasoning of <u>Strigliabotti</u> as unpersuasive and finding "no reason, based on the treatment of mutual funds, to [conclude] that the universal demand requirement

6

does not apply to mutual funds."); Forsythe, 417 F. Supp.2d at 112-113 & n. 15 (rejecting arguments that "unique nature" of mutual funds, differing fee rates among shareholders, and potential harm to past but not present shareholders alter the need to comply with the universal pre-suit demand statute when suing a mutual fund or its directors for breach of fiduciary duties under Massachusetts law and dismissing all such claims because they were "improperly brought as direct claims when they are in fact derivative claims"). Plaintiff did not tender a pre-suit demand to the Fund. Accordingly, Count II properly is dismissed without prejudice for failure to comply with Massachusetts' universal pre-suit demand statute and Rule 23.1.



David Stewart Cercone
United States District Judge

cc: Jeffrey C. Block, Esquire
Berman, DeValerio, Pease, Tabacco,
Burt & Pucillo
One Liberty Square
8th Floor
Boston, MA 02109

Vincent A. Coppola, Esquire
Pribanic & Pribanic
513 Court Place
Pittsburgh, PA 15219

Perry A. Napolitano, Esquire
Thomas L. Allen, Esquire
Joseph E. Culleiton, Esquire
David J. Bird, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Eric A. Bensky, Esquire
Robert J. Higgins, Esquire
Dickstein Shapiro Morin & Oshinsky
2101 L Street, N.W.
Washington, DC 20037-1526