**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE FEDERATED MUTUAL FUNDS EXCESSIVE FEE LITIGATION** | ) ) | 2:04cv352<br>Electronic Filing |
| | | |
| **GARY M. BAUER,** Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:04cv702<br>Electronic Filing |
| **FEDERATED EQUITY MANAGEMENT COMPANY OF PENNSYLVANIA,** et al., | ) ) ) | |
| Defendants | ) | |
| | | |
| **RANDAL C. BREVER,** for the use and benefit of the **FEDERATED KAUFMANN FUND,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:04cv855<br>Electronic Filing |
| **FEDERATED EQUITY MANAGEMENT COMPANY OF PENNSYLVANIA,** et al., | ) ) ) | |
| Defendants | ) | |
| | | |
| **GRETCHEN W. REAVES,** for the use and benefit of the **FEDERATED KAUFMANN FUND,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:05cv201<br>Electronic Filing |
| **FEDERATED INVESTORS, INC.,** et al., | ) ) | |
| Defendants | ) | |

| | |
|---|---|
| **LAWRENCE ZUCKER,** on Behalf of Himself and all Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>**FEDERATED SHAREHOLDER SERVICES COMPANY, JOHN F. DONAHUE, J. CHRISTOPHER DONAHUE, LAWRENCE D. ELLIS, THOMAS G. BIGLEY, JOHN T. CONROY, JR., NICHOLAS P. CONSTANTAKIS, JOHN F. CUNNINGHAM, PETER E. MADDEN, CHARLES F. MANSFIELD, JR., JOHN E. MURRAY, JR., MARJORIE P. SMUTS, JOHN S. WALSH** and **FEDERATED SECURITIES CORP.,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | 2:06cv241<br>Electronic Filing |

## **MEMORANDUM ORDER**

AND NOW, this 30th day of October, 2007, upon due consideration of plaintiffs' motion to enforce the court's June 15, 2007, mediation order and request to appoint mediator as discovery master and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted in part and denied in part.

The motion is granted to the extent it seeks to compel the parties' agreement to engage in mediation before Judge Politan. The cryptic and cramped perimeters advanced by defendants concerning their understanding of the limits of any ultimate agreement to be reached in mediation were neither covenants incorporated into the parties' agreement to appear before Judge Politan in a good faith effort to reach an early resolution in the cases nor components of this court's order of June 15, 2007. And the notion that the standards of review governing the merits of plaintiffs' claims and the outcomes of prior court cases involving other section 36(a) claims should meaningfully influence this court's consideration of matters involving the parties' pretrial preparation fatalistically and dogmatically overlooks this court's

obligation to adjudicate each case on its own merits after all parties have had an adequate opportunity to develop the litigation in accordance with established federal practice and procedure. Moreover, defendants' continued insistence of the lack of merit of plaintiffs' claims in the instant setting does not supply a basis upon which to deny enforcement of the parties' agreement to mediate.  Accordingly, the court will recommit the parties to appear before Judge Politan for early mediation after completion of the procedures set forth below.

The motion is denied to the extent it seeks to have Judge Politan appointed as a special master for early discovery.  The appointment of a special master in non-jury cases is reserved for the truly rare situation where the "exceptional condition" standard of Rule 53(b) can be satisfied. Prudential Ins. Co. of America v. United States Gypsum Co., 991 F.2d 1080, 1086 (3d Cir. 1993); La Buy v. Howes Leather Co., 352 U.S. 249, 315  (1957).  Defendants are entitled to have the issues in the case adjudicated by an Article III judge regardless of the arcane nature or perceived complexity of the litigation. Id. at 1087 ("Neither the volume of work generated by a case nor the complexity of that work will suffice to meet the 'exceptional condition' standard promulgated by Rule 53."): La Buy, 352 U.S. at 259 (complexity and the specialized nature of any particular area of litigation merely supply an "impelling" reason as to why the matter is to be handled by the court).   Accordingly, the parties shall proceed as follows:

1) counsel shall meet within ten days from the date of this order and attempt to further narrow their dispute concerning the degree of disclosure needed to prepare for effective mediation before Judge Politan.  Plaintiffs shall limit the breadth of their requests to the essential material  counsel believe they need to begin and meaningfully engage in the mediation session;

2) to the extent the parties cannot agree on the scope of pre-mediation disclosures pursuant to plaintiffs' pre-mediation discovery requests, plaintiffs  shall file a motion to compel appropriate responses and/or disclosures and supporting brief without undue delay;

     3) the court will set response and reply briefing deadlines, adjudicate the motion and recommit the parties to appear before Judge Politan; and

     4) the above procedure will not prejudice any party's ability to request additional disclosures, and/or, to the extent necessary, return to the court for further relief, during the time the parties are engaged in mediation before Judge Politan or during any formal period of discovery that is necessary thereafter.

                                                      s/ David Stewart Cercone  
                                                      David Stewart Cercone,  
                                                      United States District Judge

cc:     All Counsel of Record

          The Honorable Nicholas H. Politan  
          Law Offices of Nicholas H. Politan  
          6 Becker Farm Rd., 3rd Floor  
          Roseland, NJ 07068